

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2008

# Edijanto v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2177

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Edijanto v. Atty Gen USA" (2008). *2008 Decisions.* Paper 352.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/352

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2177

———————

EDIJANTO; GWAT LIE TJIA; SALLY MARCELINA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

PETITION FOR REVIEW OF A DECISION OF THE
BOARD OF IMMIGRATION APPEALS
Agency Nos. A96-259-956; A96-259-957; A96-259-959
Immigration Judge: Donald V. Ferlise

———————

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2008

———————

Before: BARRY and STAPLETON, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>

(Opinion Filed: October 17, 2008)

———————

OPINION

———————

RESTANI, <u>Judge</u>

 Petitioners Edijanto, Gwat Lie Tjia, and Sally Marcelina seek review of an order of

———————

 [*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

the Board of Immigration Appeals ("BIA") dismissing their appeal from an Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), but granting them voluntary departure. We will deny the petition.

## FACTS AND PROCEDURAL BACKGROUND

Petitioners, an ethnic Chinese Christian family, are natives and citizens of Indonesia. Edijanto entered the United States in May 2001, and Tjia (his wife) and Marcelina (his daughter), in June 2001, as non-immigrant visitors. In February 2003, after their visas had expired, Edijanto applied for asylum, withholding of removal, and relief under the CAT on the basis of persecution on account of his ethnicity and religion. Initially, Tjia and Marcelina were derivative applicants, but they submitted separate applications in January 2004.[1] In March 2003, the Immigration and Naturalization Service commenced removal proceedings against petitioners for staying beyond their visas. Petitioners conceded removability before the IJ, but renewed their requests for asylum, withholding of removal, and withholding under the CAT.

At a hearing in September 2005, petitioners recounted prior experiences in Indonesia to show past persecution. Edijanto described incidents in 1965, 1973, and 2001 concerning assaults on him and his family members, and a 1996 incident where his

---

[1] Edijanto also included a son as a derivative applicant, but he is not included in this joint removal proceeding. Another son submitted a separate application, as he was too old to be included in Edijanto's application.

2

church was desecrated. The 1973 assault occurred after one of the assailants yelled out "hey, Chinese" to Edijanto. A.R. 93. Tjia testified that she was assaulted and robbed in 1996, and that in 2001, she found a dead cat in the exhaust of the family car after the car malfunctioned on her way home from church. She also testified that a group of juveniles sat on the vehicle and sprinkled water on her while she was in the car. Tjia further testified that her church received bomb threats, but admitted that nothing happened. Marcelina stated that her teacher would hit her if she did not know the answers to questions. Edijanto and Tjia stated that they did not want to return to Indonesia because they did not want their children to experience incidents similar to the ones they did. Petitioners also submitted the U.S. State Department reports from 2004 and other materials concerning the social and religious situation in Indonesia in support of their claims of persecution.

The IJ denied petitioners' applications. The IJ denied the asylum claims as time-barred and on the merits, concluding that petitioners failed to show past persecution or a well-founded fear of future persecution. The IJ denied the withholding of removal claim, finding that petitioners failed to show that their negative experiences were motivated by their ethnicity or religion or that the occurrences rose to the level of persecution. The IJ concluded that most of the incidents were merely street crimes. The IJ also found that petitioners failed to show a clear probability of future persecution if they return to Indonesia because petitioners failed to prove that they would be singled out for persecution or that there exists a pattern or practice of persecution of ethnic Chinese

3

Christians in Indonesia. The IJ denied the CAT claim because no evidence showed that petitioners were ever tortured or feared any type of torture.

Petitioners appealed the IJ's decision to the BIA. They also contended that the interpreter failed to accurately translate their testimony and therefore the BIA should remand the matter for a new hearing.

The BIA affirmed the IJ's order and dismissed the appeal. The BIA first noted that petitioners did not challenge the IJ's findings as to the untimeliness of the asylum application and therefore "consider[ed] their persecution claim only under the higher burden of withholding of removal under section 241(b)(3) of the [Immigration and Nationality] Act." A.R. 2. The BIA concluded that petitioners failed to show past persecution because the incidents that petitioners described did not result in the level of harm that constitutes persecution, and that petitioners did not show that they were targeted on account of their ethnicity or religion or that a pattern or practice of persecution against ethnic Chinese Christians existed in Indonesia. The BIA also determined that petitioners failed to meet their burden of showing a clear probability of future persecution. The BIA found that, according to the 2004 State Department reports, interreligious violence occurred only on islands on which petitioners did not reside and therefore was not widespread. The BIA rejected petitioners' due process claim on the basis that petitioners failed to show how their testimony would have been different, that their counsel corrected the specific error they pointed out, and that petitioners failed to demonstrate prejudice.

4

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). Where the BIA issued a decision on the merits and not merely a summary affirmance of the IJ's decision, we limit our review to the BIA's decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). We review the BIA's factual findings under the deferential substantial evidence standard. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). The issue of whether the BIA denied due process is reviewed de novo. Ezeagwuna, 325 F.3d at 404.

**DISCUSSION**

**A. Withholding of removal**

In challenging the BIA's denial of withholding of removal, petitioners claim that their past experiences rose to the level of persecution and that they showed that there was a clear probability that they would suffer persecution if they return to Indonesia. This argument is unavailing.

Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993). Withholding of removal is warranted where an alien shows that he or she would be persecuted on account of "race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). To obtain such relief, the alien may create a rebuttable presumption of future persecution by demonstrating past persecution

5

on account of one of the five protected traits, or by otherwise showing a "clear probability" (i.e., more likely than not) of future similarly motivated persecution. 8 C.F.R. § 1208.16(b)(1),(2); Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). Here, petitioners failed to show how most of their experiences occurred on account of their ethnicity or religion. Insofar as some incidents may have been ethnically or religiously motivated, those isolated incidents were not so severe as to rise to the required level of persecution.

Nor have petitioners otherwise demonstrated a clear probability that they would be persecuted on account of their ethnicity and religion if they return to Indonesia. To establish a future threat of persecution, petitioners may show that there is a "pattern or practice of persecution" of Chinese Christians in Indonesia. See 8 C.F.R. § 1208.16(b)(2). A "pattern or practice" of persecution is "systematic, pervasive, or organized." Lie v Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (citation and quotations omitted); In re A-M-, 23 I. & N. Dec. 737, 740–41 (B.I.A. 2005).

Petitioners rely on the 2004 Country Reports for Human Rights Practices and 2004 International Religious Freedom Report to support their claim of threat of future prosecution. As the BIA concluded, although the reports show the existence of religious tension between Muslims and Christians, most of the problems occur on the islands of Sulawesi and Maluku, while petitioners and their family members reside on the island of Java. Further, we recently held in Wong v. Attorney General, 539 F.3d 225, 233–34 (3d Cir. 2008), that the 2004 State Department reports do not show a pattern or practice of

6

persecution of Chinese Christians in Indonesia.

**B. Due Process**

Petitioners also challenge the BIA's rejection of their due process claim based on translation failures at the hearing. This argument is also unavailing.

Aliens in deportation proceedings are entitled to due process of law. <u>Reno v. Flores</u>, 507 U.S. 292, 306 (1993). To prevail on a procedural due process claim, an alien must show substantial prejudice. <u>Bonhometre v. Gonzalez</u>, 414 F.3d 442, 448 (3d Cir. 2005).

Despite their claims of incorrect translation, petitioners do not explain how their testimony was incorrectly translated. As to their claim that the confusing and incoherent nature of the testimony indicates inaccurate translation, the record shows that the IJ asked questions to clarify any confusion that arose. Further, petitioners failed to show how a better translation of the testimony would have resulted in a different outcome.

## CONCLUSION

Based on the foregoing, we will deny the petition for review.